

**The following constitutes
the order of the court. Signed October 25, 2012**

_____
**M. Elaine Hammond
U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                                                 Case No. 11-71082 MEH
GEORGE ORR ROBINSON and                                               Chapter 13
MICHELE MARLENE ROBINSON,
                    Debtors/

MEMORANDUM DECISION RE TRUSTEE'S OBJECTION
TO CONFIRMATION OF CHAPTER 13 PLAN

On July 24, 2012 the court held a continued hearing on debtors George Orr Robinson and Michele Marlene Robinson's ("Debtors") plan confirmation. At the hearing the court took the chapter 13 trustee's ("Trustee") objection to confirmation under advisement. For the reasons set forth below, the court finds that the Trustee's objection is overruled and Debtors' plan may be confirmed.

**Jurisdiction**

This court has subject matter jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (K), (L).

**Background**

Debtors filed a chapter 7 case on December 11, 2009; case no. 09-71865. The court entered the discharge order in that case on March 31, 2010.

1

Debtors filed this chapter 13 case on October 19, 2011. They filed a motion to value junior liens of CitiMortgage, Inc. and Citibank, N.A. ("Creditors") on their properties on January 4, 2012 and March 12, 2012 and included in their plan that Creditors would be treated as general unsecured creditors. The trustee objected to confirmation on May 15, 2012 on the basis that Debtors' plan cannot be confirmed because Debtors, not being entitled to a discharge pursuant to Bankruptcy Code § 1328(f),[1] cannot strip the lien without a discharge.

The court issued orders on February 27, 2012 and April 30, 2012 valuing the junior liens of Creditors at zero.

**Discussion**

The sole issue presented to the court by the Trustee's objection is whether Debtors are entitled to value the junior lien on their residence since they are not eligible to receive a discharge in this case.

For the reasons set forth in In re Tran, 431 B.R. 230 (Bankr. N.D. Cal. 2010) and further discussed in the Memorandum Decision issued October 15, 2012 in In re North, case no. 11-72843 (docket no. 32), the court overrules the Trustee's objection.

Good faith is always a consideration in confirmation of a chapter 13 plan and the court has an independent duty to review a chapter 13 plan to ensure it complies with the Bankruptcy Code. United Student Aid Funds v. Espinosa, 130 S. Ct. 1367 (2010). The court may not confirm a plan without finding that the plan has been "proposed in good faith and not by any means forbidden by law." § 1325(a)(3). The court is guided here by In re Warren, 89 B.R. 87, 93-95 (9th Cir. BAP 1988) (court should not confirm plans that are in essence veiled chapter 7 cases; listing good faith factors), and In re Goeb. 675 F.2d 1386, 1390 (9th Cir. 1982) (court must inquire whether debtor has misrepresented facts in plan, unfairly manipulated the Bankruptcy Code, or otherwise proposed plan in an inequitable manner; though court may consider substantiality of proposed repayment, it must make good-faith determination in light of all militating factors).

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* and all Rule references are to the Federal Rules of Bankruptcy Procedure.

2

In the case at hand, there is no indication that Debtors are acting unfairly or inequitably. After receiving the Ch. 7 discharge, Mr. Robinson lost his employment, significantly reducing the family income.

Debtors owe federal income taxes of approximately $50,000 and state income taxes of $13,000. At the time the case was filed, Debtors' home was facing foreclosure. Debtors' plan provides for payments of $896 for 60 months and a *pro tanto* distribution to unsecured creditors. Debtors are devoting their monthly disposable income to their plan payments.

On these facts, the court finds no basis to question Debtors' good faith or their need for reorganization under chapter 13.

**Conclusion**

Debtors' motions to value Creditors' junior liens are permissible. The lien stripping will be permanent upon completion of the plan. The Trustee's objection to confirmation is overruled.

The court now requests Trustee submit an order conforming to this memorandum decision.

*** END OF MEMORANDUM DECISION***

COURT SERVICE LIST

All Recipients